IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Marlon Collins, | Case No. 4:20cv995 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Mark Williams, Warden | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

### Introduction

*Pro se* Petitioner Marlon Collins is a federal inmate confined at the Federal Correctional Institution Elkton ("Elkton"). He has filed an "Emergency Petition for Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241(c)," seeking immediate release to home confinement on the basis of the COVID-19 virus. (Doc. No. 1.)

Petitioner alleges the COVID-19 virus is "ravaging the facility" and that the Bureau of Prisons ("BOP") is failing to provide a safe and healthy environment for him in violation of his rights under the Eighth Amendment. (*Id*. at 1-2, ¶¶ 3-6.) He does not represent that he has exhausted his administrative remedies with respect to his claim. Rather, he acknowledges he has not exhausted his remedies with the BOP, but merely asserts that the BOP's administrative procedures are inadequate and that his life could be lost attempting to exhaust. (*See id*. at 3, ¶ 15.)

### Standard of Review and Discussion

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

For the following reasons, the Petition is dismissed without prejudice.

Before a prisoner may seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id.*

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

This Court agrees with other courts in this district that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking relief due to COVID-19 circumstances under 28 U.S.C. § 2241, as well as under 18 U.S.C. § 3582.  *See, e.g., Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (Lioi, J.); *Singleton v. Williams*, Case No. 4: 20 CV 961 (N.D. Ohio May 18, 2020) (Polster, J.).  As Judge Lioi reasoned in *Bronson*, "the same prudential concerns surrounding the enforcement of the exhaustion requirement" for motions for compassionate release under 18 U.S.C. § 3582 due to COVID-19 apply to a prisoner's request for release via a § 2241 petition.  *See Bronson*, 2020 WL 2104542, at **2-3 (noting that the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for home confinement based on COVID risk factors).

## Conclusion

Accordingly, in that the Petition on its face indicates Petitioner has not yet exhausted his remedies with the BOP, his Petition is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

**IT IS SO ORDERED.**

Date:  May 19, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE